# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLIFFORD C. MARSDEN and MING XU,
Individually And On Behalf Of All Others
Similarly Situated,

               Plaintiffs,

        v.

SELECT MEDICAL CORP., MARTIN
JACKSON, ROBERT A. ORTENZIO, ROCCO
ORTENZIO, AND PATRICIA RICE,

               Defendants.

CIVIL ACTION NO.
2:04-cv-4020 (JCJ)

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to

Rule 23(e) of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this

Stipulation is entered into among Lead Plaintiffs Capital Invest, die Kapitalanlagegesellschaft

der Bank Austria Creditanstalt Gruppe GmbH (now known as Pioneer Investments Austria) for

account of its funds C 43 and GF 5, James Shaver, and Frank C. Bagatta (the "Class

Representatives") on behalf of themselves and the Class (as hereinafter defined) and Defendants

Select Medical Corp. ("Select Medical"), Martin Jackson, Robert A. Ortenzio, Rocco Ortenzio,

and Patricia Rice (the "Defendants"), by and through their respective counsel.

WHEREAS:

A.      On August 24, 2004, this securities fraud class action was filed against Select

Medical Corp. and Individual Defendants Martin Jackson, Robert A. Ortenzio, Rocco Ortenzio,

and Patricia Rice on behalf of all allegedly injured investors who purchased Select Medical

Corporation securities between July 29, 2003 and May 11, 2004, inclusive.  The action alleged

violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5;

B.    Capital Invest, die Kapitalanlagegesellschaft der Bank Austria Creditanstalt Gruppe GmbH (now known as Pioneer Investments Austria) for account of its funds C 43 and GF 5, James Shaver, and Frank C. Bagatta were designated Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") by Order of the Court on February 16, 2005;

C.    By Order of the Court dated February 16, 2005, Milberg Weiss Bershad & Schulman LLP (now known as Milberg LLP) was appointed as Lead Counsel for the Class and Kenney Lennon & Egan PC (now known as Kenney, Egan, McCafferty, & Young PC) as Liaison Counsel.  On September 11, 2006, Lead Plaintiffs moved to add Motley Rice LLC as Co-Lead Counsel for the Class.  The Court granted that motion on October 5, 2006;

D.    On April 19, 2005, Lead Plaintiffs filed their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint").  The Complaint alleges, among other things, that Select Medical and the Individual Defendants, who the Complaint alleged were controlling officers and/or directors of Select Medical, made materially false and misleading statements and omissions in Select Medical's public reports and documents disseminated to the investing public during the Class Period, thereby artificially inflating the price of the securities of Select Medical and damaging members of the Class;

E.    In particular, the Complaint alleges that Defendants misled investors during the Class Period by emphasizing Select Medical's strong growth and financial and operational performance even though they allegedly knew or recklessly disregarded that the Centers for

Medicare and Medicaid Services ("CMS") was going to propose a change to Medicare reimbursement regulations that would negatively impact the company's financial success and ability to continue to grow as planned. Plaintiffs also claimed that Select Medical had engaged in improper revenue generating practices that masked otherwise declining revenues and a deteriorating financial condition. More specifically, the Complaint alleged that Defendants had used a "hospital-within-hospital" ("HIH") model to "improperly influence 'host hospitals'" to refer patients to Select Medical's hospitals, which the Complaint contended "resulted in substantial increases in the company's Medicare reimbursements and strong growth and financial and operational performance reported to Select Medical's public shareholders." Plaintiffs alleged further that Defendants made materially misleading statements and omitted material information regarding the regulatory change proposed by CMS on May 11, 2004 that would seriously curtail that practice, the means by which revenue was being generated, and the adequacy of internal accounting controls;

F.    On June 13, 2005, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike various allegations of the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. By Memorandum and Order dated April 6, 2006, the Court granted in part and denied in part Defendants' motion to dismiss, and denied Defendants' motion to strike. The Court granted the portion of Defendants' motion to dismiss concerning the claims that were based on the adequacy of internal controls for failure to state a claim under Section 10(b) of the Exchange Act, dismissing those claims from this litigation;

3

G.     On May 19, 2006, Defendants answered the Complaint.  The Defendants denied Plaintiffs' claims and asserted several defenses.  In doing so, Defendants assert that they are not liable to Plaintiffs and have done nothing wrong or improper;

H.     On September 20, 2006, Defendants filed a motion seeking a certificate of appealability under 28 U.S.C. § 1292(b) of the Court's April 6, 2006 Memorandum and Order denying in part and granting in part Defendants' motion to dismiss.  Plaintiffs filed their opposition papers on October 27, 2006.  Defendants replied on November 17, 2006.  By Memorandum and Order dated February 12, 2007, the Court vacated in part its April 6, 2006 decision and granted Defendants' motion to dismiss Plaintiffs' securities fraud claims premised on alleged improper revenue practices for failure to allege the necessary loss causation under Section 10(b) of the Exchange Act, dismissing those claims from this litigation.  Only Plaintiffs' claim for securities fraud based on alleged misrepresentations and omissions related to the regulatory change proposed by CMS on May 11, 2004 remains;

I.     On December 8, 2006, Lead Plaintiffs moved the Court for an order certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Select Medical and the Individual Defendants opposed the motion on April 3, 2007.  Plaintiffs replied on July 9, 2007.  By Memorandum and Order dated October 25, 2007, the Court granted Plaintiffs' motion for class certification.  The Court's Order also certified Lead Plaintiffs Pioneer Investments Austria, James Shaver, and Frank C. Bagatta as Class Representatives and appointed Co-Lead Counsel and Liaison Counsel as class counsel;

J.     On February 21, 2007, Plaintiffs moved for reconsideration and clarification of the Court's February 12, 2007 Memorandum and Order dismissing Plaintiffs' securities fraud claims premised on alleged improper revenue practices for failure to allege the necessary loss

causation. Defendants responded on March 7, 2007. Plaintiffs replied on March 21, 2007. By

Memorandum and Order dated June 12, 2007, the Court denied Plaintiffs' motion for

reconsideration and clarification of the February 12, 2007 Memorandum and Order;

     K.     On November 9, 2007, Defendants petitioned the United States Court of Appeals

for the Third Circuit (the "Third Circuit Court of Appeals") pursuant to Rule 23(f) of the Federal

Rules of Civil Procedure for leave to appeal the Court's October 25, 2007 order certifying the

Class. On November 21, 2007, Plaintiffs filed a Response in Opposition to Defendants' Petition

for Leave to Appeal Pursuant to Rule 23(f) of the Federal Rules of Civil Procedure from Order

Granting Class Certification and on November 30, 2007 Defendants filed a Reply in Support of

Leave to Appeal Pursuant to Rule 23(f) of the Federal Rules of Civil Procedure from Order dated

October 25, 2007. On March 6, 2008, the Third Circuit Court of Appeals denied Defendants'

petition for leave to appeal;

     L.     Pretrial fact discovery closed on February 15, 2008. During pretrial fact

discovery, the parties conducted depositions and collected and reviewed documents from the

parties and third parties. Defendants deposed the Lead Plaintiffs and initial plaintiffs Marsden

and Xu, as well as certain former Select Medical employees identified in Plaintiffs' initial

disclosures. Plaintiffs deposed the Individual Defendants, as well as numerous current and

former Select Medical employees and third party witnesses. The parties exchanged expert

reports as part of pretrial expert discovery. Plaintiffs provided an expert report on the Medicare

regulatory process and a separate expert report on damages. Defendants provided an expert

report on damages;

     M.     Defendants filed a motion for summary judgment with accompanying

memorandum of law and appendix of exhibits on March 28, 2008. Plaintiffs filed their

memorandum of law in opposition to Defendants' motion for summary judgment, together with

an appendix of exhibits, on May 28, 2008.  Defendants filed a reply memorandum of law and

appendix of additional exhibits on June 26, 2008;

N.     The parties participated in a mediation conference on July 3, 2008 and at that

conference the parties agreed to the settlement described herein;

O.     The Defendants deny any fault, liability, or wrongdoing whatsoever.  No fault,

liability, or wrongdoing has been proven, and this Stipulation shall in no event be construed or

deemed to be evidence of or an admission or concession on the part of any Defendant with

respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any

infirmity in the defenses that the Defendants have asserted.  The parties to this Stipulation

recognize, however, that the litigation has been filed by Plaintiffs and defended by Defendants in

good faith and in accordance with applicable standards under Federal Rule of Civil Procedure

11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the

settlement are fair, adequate and reasonable.  This Stipulation shall not be construed or deemed

to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action;

P.     Plaintiffs' Co-Lead Counsel have conducted an investigation relating to the

claims and the underlying events and transactions alleged in the Complaint.  Plaintiffs' Co-Lead

Counsel have analyzed the evidence adduced during pretrial discovery and have researched the

applicable law with respect to the claims of the Class Representatives and the Class against the

Defendants and the potential defenses thereto;

Q.     With the assistance of Michael Young of JAMS acting as a mediator, the Class

Representatives, by their counsel, have conducted discussions and arm's length negotiations with

counsel for Defendants with respect to a compromise and settlement of the Action with a view to

settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class; and

      R.      Based upon their investigation and pretrial discovery as set forth above, Plaintiffs' Co-Lead Counsel and the Class Representatives have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class Representatives and the Class, and in their best interests, and the Class Representatives have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that the Class Representatives and the members of the Class will receive from settlement of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

      NOW THEREFORE, without any admission or concession on the part of the Class Representatives of any lack of merit of the Action whatsoever, and without any admission or concession of any fault, liability or wrongdoing or lack of merit in the defenses whatsoever by the Defendants, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as hereinafter defined) as against the Released Parties (as hereinafter defined) and all Settled Defendants' Claims (as hereinafter defined) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

      1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(b)    "Cash Settlement Amount" means the amount specified in paragraph 4 hereof.

(c)    "Claims Administrator" means the firm of Gilardi & Co. LLC, which shall administer the Settlement.

(d)    "Class" means all persons who purchased the securities of Select Medical Corp. between July 29, 2003 and May 11, 2004, inclusive, and who were damaged thereby. Excluded from the Class are the Defendants, the officers and directors of Select Medical Corporation at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice. "Class Member" means a member of the Class.

(e)    "Class Period" means the period of time between July 29, 2003 and May 11, 2004, inclusive.

(f)    "Defendants" means Select Medical Corporation and the Individual Defendants Martin Jackson, Robert A. Ortenzio, Rocco Ortenzio, and Patricia Rice.

(g)    "Defendants' Counsel" means the law firm of Dechert LLP.

(h)    "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 23 hereof.

(i)    "Final," when describing an order of the Court, means an order as to which there is no pending appeal, stay, motion for reconsideration or motion to vacate or similar

request for relief, and as to which the period of time for a party to seek any such appeal, stay, motion for reconsideration or motion to vacate or similar request for relief has expired.

(j)    "Gross Settlement Fund" means the Cash Settlement Amount plus any income or interest earned thereon following payment into escrow pursuant to paragraph 4 hereof.

(k)    "Net Settlement Fund" has the meaning defined in paragraph 5 hereof.

(l)    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing, which is to be sent to members of the Class substantially in the form proposed and attached hereto as Exhibit 1 to Exhibit A.

(m)    "Order and Final Judgment" means the order to be entered approving the Settlement substantially in the form proposed and attached hereto as Exhibit B.

(n)    "Order for Notice and Hearing" means the order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form proposed and attached hereto as Exhibit A.

(o)    "Plaintiffs' Counsel" means Plaintiffs' Co-Lead Counsel and all other counsel representing other plaintiffs in the Action.

(p)    "Plaintiffs' Co-Lead Counsel" means the law firms of Milberg LLP and Motley Rice LLC.

(q)    "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(r)    "Released Parties" means any and all of the Defendants, the past or present subsidiaries, parents, successors, predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants of any of the

Defendants or any of their subsidiaries, any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, executors, trustees, successors in interest or assigns of any of the Defendants.

(s)      "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase of Select Medical securities during the Class Period. "Settled Claims" does not mean or include claims, if any, against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), if such claims are not common to all Class Members.

(t)      "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of

them or the successors and assigns of any of them against any of the Class Representatives, Class

Members or their attorneys, which arise out of or relate in any way to the institution, prosecution,

or settlement of the Action (except for claims to enforce the Settlement).

        (u)    "Settlement" means the settlement contemplated by this Stipulation.

        (v)    "Unknown Claims" means any and all Settled Claims which any Class

Representative or Class Member does not know or suspect to exist in his, her or its favor at the

time of the release of the Released Parties, and any Settled Defendants' Claims which any

Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her

or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to

any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that

upon the Effective Date, the Class Representatives and the Defendants shall expressly waive, and

each Class Member shall be deemed to have waived, and by operation of the Judgment shall

have expressly waived, any and all provisions, rights and benefits conferred by any law of any

state or territory of the United States, or principle of common law, which is similar, comparable,

or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her favor at the
> time of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.

The Class Representatives and Defendants acknowledge, and Class Members by operation of

law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

definition of Settled Claims and Settled Defendants' Claims was separately bargained for and

was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

3.     (a)     Upon the Effective Date of this Settlement, the Class Representatives and members of the Class on behalf of themselves and on behalf of their past or present subsidiaries, parents, successors, predecessors, officers, partners, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representatives, heirs, executors, trustees, administrators, and assigns (but only in those persons' and entities' capacities as such to the Class Member, not by those persons and entities as themselves independent of their relationship to a Class Member), shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

(b)     Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims against the Class Representatives, all Class Members and their counsel.

## THE SETTLEMENT CONSIDERATION

4.     Within ten (10) business days from the date of the Court's entry of the Order for Notice and Hearing, Defendant Select Medical shall pay or cause to be paid a total of $5,000,000 (Five Million U.S. Dollars) in cash into escrow for the benefit of Plaintiffs and the Class.

5.     (a)     The Gross Settlement Fund, net of any Taxes (as hereinafter defined) on the income thereof, shall be used to pay (i) the notice and administration costs referred to in

12

paragraph 7 hereof, (ii) the attorneys' fee and expense award, if any, referred to in paragraph 8 hereof, and (iii) the remaining administration expenses referred to in paragraph 9 hereof. The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund." The Net Settlement Fund shall be distributed to the Authorized Claimants as provided in paragraphs 10-12 hereof. Any sums required to be held in escrow hereunder prior to the Effective Date shall be held by Plaintiffs' Co-Lead Counsel and Dechert LLP as Escrow Agents for the Gross Settlement Fund. All funds held by the Escrow Agents shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court. The Escrow Agents shall invest any funds in excess of $100,000 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in a bank account insured by the FDIC. The parties hereto agree that the Gross Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Plaintiffs' Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund. The parties hereto agree that the Gross Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. After the Effective Date, Dechert LLP shall resign as an Escrow Agent and Plaintiffs' Co-Lead Counsel shall act as Escrow Agents.

(b)     All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the settlement and shall be timely paid by the Escrow Agents without prior Order of the Court.

## ADMINISTRATION

6.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court.  Except as stated in paragraph 14 hereof, the Released Parties shall have no responsibility for or role in the administration or distribution of the Settlement and shall have no liability to the Class in connection with such administration or distribution.

7.     Plaintiffs' Co-Lead Counsel may pay from the Gross Settlement Fund, without further approval from the Defendants, the reasonable costs and expenses associated with identifying members of the Class and effecting mail Notice and Publication Notice to the Class, and the administration of the Settlement, including without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  Under no circumstances are the Released Parties liable for any amount greater than the Cash Settlement Amount.

## ATTORNEYS' FEES AND EXPENSES

8.     Plaintiffs' Co-Lead Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees and reimbursement of expenses.  Such amounts as are awarded by the Court shall be payable from the Gross Settlement Fund to Plaintiffs' Co-Lead

Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Plaintiffs' Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Gross Settlement Fund plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed. Under no circumstances are the Released Parties liable for any amount greater than the Cash Settlement Amount. An award of attorneys' fees and expenses is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any amount of attorneys' fees and/or expenses be awarded. Any order, or any objection to or appeal from any order, approving attorneys' fees and/or expenses shall in no way disturb or affect the Order and Final Judgment and shall be considered separately from the Settlement and will not affect the validity or finality of the Settlement.

## ADMINISTRATION EXPENSES

9.     The Class Representatives will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, from the Gross Settlement Fund and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

10.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as

defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves).

11.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.  Any order, or any objection to or appeal from any order, approving the Plan of Allocation shall in no way disturb or affect the Order and Final Judgment and shall be considered separately from the Settlement and will not affect the validity or finality of the Settlement.

12.     Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  The entire Net Settlement Fund shall be distributed to the Authorized Claimants.  This is not a claims-made settlement.  The Released Parties shall not be entitled to get back any of the settlement monies after the Effective Date.  The Released Parties shall have no involvement in reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

13.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but otherwise will be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

14.     The Claims Administrator shall process the Proofs of Claim and, after entry of the Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants. Except for their obligation to pay the Cash Settlement Amount, and to provide information from Select Medical's shareholder transfer records concerning the identity of Class Members and their

transactions, the Released Parties shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund. Plaintiffs' Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Co-Lead Counsel deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

15.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Proof of Claim (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)    All Proofs of Claim must be submitted by the date specified in the Notice, unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases,

the Proof of Claim shall be deemed to have been submitted when actually received by the Claims

Administrator;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims

Administrator, who shall determine in accordance with this Stipulation and the approved Plan of

Allocation the extent, if any, to which each claim shall be allowed, subject to review by the

Court pursuant to subparagraph (e) below;

(d)    Proofs of Claim that do not meet the submission requirements may be

rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate

with the Claimant in order to attempt to remedy the curable deficiencies in the Proofs of Claim

submitted. The Claims Administrator shall notify, in a timely fashion and in writing, each

Claimant whose Proofs of Claim they propose to reject in whole or in part, setting forth the

reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected

has the right to a review by the Court if the Claimant so desires and complies with the

requirements of subparagraph (e) below;

(e)    If any Claimant whose claim has been rejected in whole or in part desires

to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of

the notice required in subparagraph (d) hereof, serve upon the Claims Administrator a notice and

statement of reasons indicating the Claimant's grounds for contesting the rejection along with

any supporting documentation, and requesting a review thereof by the Court. If a dispute

concerning a claim cannot be otherwise resolved, Plaintiffs' Co-Lead Counsel shall thereafter

present the request for review to the Court; and

(f)    The administrative determinations of the Claims Administrator accepting

and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for

approval by the Court in the Class Distribution Order.

16.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

with respect to the Claimant's claim, and the claim will be subject to investigation and discovery

under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall

be limited to that Claimant's status as a Class Member and the validity and amount of the

Claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in

connection with processing of the Proofs of Claim.

17.    Payment pursuant to this Stipulation shall be deemed final and conclusive against

all Class Members.  All Class Members whose claims are not approved by the Court shall be

barred from participating in distributions from the Net Settlement Fund, but otherwise shall be

bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order

and Final Judgment to be entered in the Action and the releases provided for herein, and will be

barred from bringing any action against the Released Parties concerning the Settled Claims.

18.    All proceedings with respect to the administration, processing and determination

of claims described by paragraph 15 of this Stipulation and the determination of all controversies

relating thereto, including disputed questions of law and fact with respect to the validity of

claims, shall be subject to the jurisdiction of the Court.

19.    The Net Settlement Fund shall be distributed to Authorized Claimants by the

Claims Administrator only after the Effective Date and only after all of the following have

occurred:  (i) all Claims have been processed, and all Claimants whose Claims have been

rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be

19

heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; (iv) all costs of administration have been paid; and (v) the Class Distribution Order becomes a Final Order.

### TERMS OF ORDER FOR NOTICE AND HEARING

20.     Promptly after this Stipulation has been fully executed, the Class Representatives and Defendants jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.

### TERMS OF ORDER AND FINAL JUDGMENT

21.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

### SUPPLEMENTAL AGREEMENT

22.     Simultaneously herewith, the Class Representatives and Defendants, by and through their respective counsel, are executing a "Supplemental Agreement" pursuant to which this Settlement may be terminated by Defendants if potential Class Members exclude themselves from the Class.  Unless otherwise directed by the Court, the Supplemental Agreement may be filed with the "Opt-Out Threshold" provided for therein redacted, or after the deadline for submitting requests for exclusion has passed.  Notwithstanding the foregoing, the Opt-Out Threshold may be disclosed to the Court for purposes of preliminary approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent

allowed so as to maintain the Opt-Out Threshold as confidential.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraph 25 hereof shall apply. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by Defendants to exercise their option to withdraw from the Stipulation pursuant to the Supplemental Agreement until any terms and conditions of the Supplemental Agreement have been satisfied.

<u>**EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**</u>

23.    The "Effective Date" of Settlement shall be the date when all the following shall have occurred:

(a)    approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23(e) of the Federal Rules of Civil Procedure; and

(b)    entry by the Court of an Order and Final Judgment, substantially in the form set forth in Exhibit B annexed hereto, which has become a Final Order as defined herein, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement pursuant to paragraph 24 hereof, the date that such Alternative Judgment becomes Final.

24.    Defendants and Class Representatives, by and through their respective counsel, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of:  (a) the Court's declining to enter the Order for Notice and Hearing in any respect affecting any party's rights or obligations hereunder; (b) the Court's refusal to approve this Stipulation or

any part of it affecting any party's rights or obligations hereunder; (c) the Court's declining to enter the Order and Final Judgment in any respect affecting any party's rights or obligations hereunder, including entering an Alternative Judgment; (d) the date upon which the Order and Final Judgment is modified or reversed in any respect affecting any party's rights or obligations hereunder by the United States Court of Appeals or the United States Supreme Court; or (e) in the event that none of the parties hereto elected to terminate this Settlement upon the entry of an Alternative Judgment, the date upon which that Alternative Judgment is modified or reversed in any respect affecting any party's rights or obligations hereunder by the United States Court of Appeals or the United States Supreme Court.

25.     Except as otherwise provided herein, in the event the Settlement is terminated, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Cash Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Gross Settlement Fund, shall be returned to the persons paying the same.

## NO ADMISSION OF WRONGDOING

26.     This Stipulation, whether or not consummated, its contents, any and all statements, negotiations, documents and discussions associated with the Stipulation and the Settlement, and any proceedings taken pursuant to the Stipulation:

(a)     shall not be offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by

any of the Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

   (b) shall not be offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

   (c) shall not be offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, any of the Defendants may refer to it to effectuate the liability protection granted them hereunder;

   (d) shall not be construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

   (e) shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

## MISCELLANEOUS PROVISIONS

27.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

28.     Each Defendant contributing to the Cash Settlement Amount warrants as to himself, herself or itself that, as to the payments made by or on behalf of him, her or it, at the time of such payment that the Defendant made or caused to be made pursuant to paragraph 4 hereof, he, she or it was not insolvent, nor did nor will the payment required to be made by or on behalf of him, her or it render such Defendant insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This warranty is made by each such Defendant and not by such Defendant's Counsel.

29.     If a case is commenced in respect of any Defendant contributing to the Cash Settlement Amount (or any insurer contributing funds to the Cash Settlement Amount on behalf of any Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Gross Settlement Fund by others, then, at the election of Plaintiffs' Co-Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to the execution

of this Stipulation and the Gross Settlement Fund shall be returned as provided in paragraph 25 hereof.

30.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, the Class Representatives and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

31.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

32.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

33.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation.

34.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

35.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.

36.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  The executed counterparts may be exchanged via facsimile or other similar manner and shall remain binding in all respects.

37.     This Stipulation shall be binding upon, and inure to the benefit of the parties hereto and their past or present subsidiaries, parents, successors, predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representatives, heirs, executors, trustees, administrators, and assigns (but only in those persons' and entities' capacities as such to the parties, not by those persons and entities as themselves independent of their relationship to a party).

38.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the Commonwealth of Pennsylvania without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.  The parties agree that the United States District Court for the Eastern District of Pennsylvania shall retain exclusive jurisdiction over the parties, the Class, and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and its terms.

39.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

40.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

41.    The Class Representatives and Defendants agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement.

DATED:    November 5, 2008

**MILBERG LLP**

By: _____
    Sanford P. Dumain
    sdumain@milberg.com
    Joshua H. Vinik
    jvinik@milberg.com
    Lori G. Feldman
    lfeldman@milberg.com
    Kristi Stahnke McGregor
    kmcgregor@milberg.com
One Pennsylvania Plaza
New York, New York  10119-0165
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

**Co-Lead Counsel for Plaintiffs**


**MOTLEY RICE LLC**


By: _____
    William H. Narwold
    bnarwold@motleyrice.com
One Corporate Center
20 Church Street
17th Floor
Hartford, Connecticut  06103
Telephone:  (860) 882-1681
Facsimile:  (860) 882-1682

**Co-Lead Counsel for Plaintiffs**

**MILBERG LLP**

By: _____

     Sanford P. Dumain
     sdumain@milberg.com
     Joshua H. Vinik
     jvinik@milberg.com
     Lori G. Feldman
     lfeldman@milberg.com
     Kristi Stahnke McGregor
     kmcgregor@milberg.com
One Pennsylvania Plaza
New York, New York  10119-0165
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

**Co-Lead Counsel for Plaintiffs**


**MOTLEY RICE LLC**

By: _____

     William H. Narwold
     bnarwold@motleyrice.com
One Corporate Center
20 Church Street
17th Floor
Hartford, Connecticut  06103
Telephone:  (860) 882-1681
Facsimile:  (860) 882-1682

**Co-Lead Counsel for Plaintiffs**

28

**MOTLEY RICE LLC**
    Ann K. Ritter
    aritter@motleyrice.com
    Frederick C. Baker
    fbaker@motleyrice.com
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, South Carolina  29465
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9500

**Co-Lead Counsel for Plaintiffs**


**KENNEY, EGAN, McCAFFERTY & YOUNG**
    Brian P. Kenney
    bkenney@kemy-law.com
3031C Walton Road
Suite 202
Plymouth Meeting, Pennsylvania  19462
Telephone:  (610) 940-9099
Facsimile:  (610) 940-0284

**Liaison Counsel for Plaintiffs**


**DECHERT LLP**

By: _____
    Michael L. Kichline
    michael.kichline@dechert.com
    John V. Donnelly III
    john.donnelly@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania  19104-2808
Telephone:  (215) 994-4000
Facsimile:  (215) 994-2222

**Counsel for Defendants**

EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLIFFORD C. MARSDEN and MING XU,
Individually And On Behalf Of All Others
Similarly Situated,

               Plaintiffs,

       v.

SELECT MEDICAL CORP., MARTIN
JACKSON, ROBERT A. ORTENZIO, ROCCO
ORTENZIO, AND PATRICIA RICE,

               Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
2:04-cv-4020 (JCJ)

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on November 5, 2008, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and

WHEREAS, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this Action was previously certified as a class action on behalf of all persons who purchased the securities of Select Medical Corp. between July 29, 2003 and May 11, 2004, inclusive, and who were damaged thereby. Excluded from the Class are the Defendants, the officers and directors of Select Medical Corporation at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest; and

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2008 that:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2009, at ___:___ ___.m. for the following purposes:

(a)      to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)    to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f)    to rule upon such other matters as the Court may deem appropriate.

3.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

5.    The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before _____, 2009, to all Class Members who can be identified with reasonable effort.  Pursuant to the terms of the Stipulation, the Defendants shall cause Select Medical's transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class.  The Claims Administrator shall use

reasonable efforts to give notice to nominee purchasers such as brokerage firms and other

persons or entities who purchased Select Medical securities during the Class Period as record

owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7)

days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to

their beneficial owners, or to provide the Claims Administrator with lists of the names and

addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice

and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who

elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to

the Claims Administrator confirming that the mailing was made as directed. Additional copies

of the Notice shall be made available to any record holder requesting such for the purpose of

distribution to beneficial owners, and such record holders shall be reimbursed from the Gross

Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the

reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs'

Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of

mailing of the Notice and Proof of Claim.

6.    The Court approves the form of Publication Notice of the pendency of this class

action and the proposed settlement in substantially the form and content annexed hereto as

Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be

published in *Investor's Business Daily* and transmitted over *Business Wire* within ten days of the

mailing of the Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness

Hearing, file with the Court proof of publication of the published notice.

7.    The form and content of the Notice, and the method set forth herein of notifying

the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the

Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15

U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and

due process, constitute the best notice practicable under the circumstances, and shall constitute

due and sufficient notice to all persons and entities entitled thereto.

8.     In order to be entitled to participate in the Net Settlement Fund, in the event the

Settlement is effected in accordance with the terms and conditions set forth in the Stipulation,

each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim (the "Proof of Claim"), substantially

in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the

Post Office Box indicated in the Notice, postmarked not later than _____, 2009.

Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to

have been submitted when postmarked (if properly addressed and mailed by first class mail,

postage prepaid) provided such Proof of Claim is actually received prior to the motion for an

order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim

submitted in any other manner shall be deemed to have been submitted when it was actually

received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the

following conditions:  (i) it must be properly completed, signed and submitted in a timely

manner in accordance with the provisions of the preceding subparagraph; (ii) it must be

accompanied by adequate supporting documentation for the transactions reported therein, in the

form of broker confirmation slips, broker account statements, an authorized statement from the

broker containing the transactional information found in a broker confirmation slip, or such other

documentation as may be deemed adequate by the Claims Administrator; (iii) if the person

executing the Proof of Claim is acting in a representative capacity, a certification of his current

authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv)

the Proof of Claim must be complete and contain no material deletions or modifications of any of

the printed matter contained therein and must be signed under penalty of perjury.

      (c)    As part of the Proof of Claim, each Class Member shall submit to the

jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of

the Settlement) release all Settled Claims as provided in the Stipulation.

      9.    Class Members shall be bound by all determinations and judgments in this

Action, whether favorable or unfavorable, unless such persons request exclusion from the Class

in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such

request shall mail the request in written form by first class mail postmarked no later than

_____, 2009, to the address designated in the Notice. Such request for exclusion

shall clearly indicate the name, address and telephone number of the person seeking exclusion,

that the sender requests to be excluded from the Class in the Select Medical Securities Litigation,

and must be signed by such person. Such persons requesting exclusion are also directed to state:

the date(s), price(s), and the type(s) and amount(s) of all purchases and sales of Select Medical

securities during the Class Period. The request for exclusion shall not be effective unless it

provides the required information and is made within the time stated above, or the exclusion is

otherwise accepted by the Court.

      10.    Class Members requesting exclusion from the Class shall not be entitled to

receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

11.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797, and copies of all such papers are served, on or before _____, 2009, upon each of the following:  William H. Narwold, Esq., Motley Rice LLC, One Corporate Center, 20 Church Street, 17th Floor, Hartford, Connecticut  06103 and Sanford P. Dumain, Esq., Milberg LLP, One Pennsylvania Plaza, New York, New York 10119-0165, on behalf of the Class Representatives and the Class; and Michael L. Kichline, Esq., Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, Pennsylvania  19104-2808 on behalf of the Defendants.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

12.     Pending final determination of whether the Settlement should be approved, the Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts any of the Settled Claims against any Released Party.

13.     As provided in the Stipulation, Plaintiffs' Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

14.     If:  (a) the Settlement is terminated by Defendants pursuant to paragraph 22 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Defendants or the Class Representatives elect to terminate the Settlement as provided in paragraph 24 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position immediately prior to the execution of the Stipulation.

15.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:          Philadelphia, Pennsylvania
                _____, 2008


                                    _____
                                    Honorable J. Curtis Joyner
                                    UNITED STATES DISTRICT JUDGE

EXHIBIT 1 TO EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD C. MARSDEN and MING XU, Individually And On Behalf Of All Others Similarly Situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | CIVIL ACTION NO. 2:04-cv-4020 (JCJ) |
| SELECT MEDICAL CORP., MARTIN JACKSON, ROBERT A. ORTENZIO, ROCCO ORTENZIO, AND PATRICIA RICE, | : : : : : | |
| Defendants. | : : : : : | |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**If you purchased Select Medical Corporation ("Select Medical") securities between July 29, 2003 and May 11, 2004, inclusive (the "Class Period"), and were allegedly damaged thereby, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $5 million (Five Million U.S. Dollars) cash settlement fund for the benefit of investors who purchased Select Medical securities between July 29, 2003 and May 11, 2004, inclusive, and who were allegedly damaged thereby.

- The settlement resolves a lawsuit over whether Select Medical misled investors about a proposed regulatory change announced by the Centers for Medicare and Medicaid Services ("CMS") on May 11, 2004 which, if adopted, would have negatively impacted the company's financial success and ability to continue to grow as planned.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY** _____, 2009 | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to |

| EXCLUDE YOURSELF BY _____, 2009 | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims. |
|---|---|
| OBJECT BY _____, 2009 | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING ON _____, 2009 | Ask to speak in Court about the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## SUMMARY NOTICE

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a settlement fund consisting of $5,000,000 (Five Million U.S. Dollars) in cash, plus any interest earned on that amount after it is deposited, has been established. Plaintiffs estimate that there were approximately 60.1 million shares of Select Medical common stock traded during the Class Period which may have been damaged. Plaintiffs estimate that the average recovery per allegedly damaged share of Select Medical common stock under the settlement is approximately 8.3¢ per damaged share before deduction of Court-awarded attorneys' fees and expenses.[1] A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased Select Medical common stock and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page [___] for more information on your Recognized Claim.

---

[1]    An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share. During the Class Period, Select Medical also had issued and outstanding 7.5% Notes due August 2013 and 9.5% Notes due June 2009. Limited trading of these notes makes it impossible to estimate any recovery per note. *See* the Plan of Allocation beginning on page [___] for more information on the notes.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amounts of damages (if any) per share and note that would be recoverable if Plaintiffs were to have prevailed on each claim alleged.  The issues on which the parties disagree include (a) whether Defendants made any misstatements or omissions; (b) the appropriate economic model for determining the amounts by which Select Medical securities were allegedly artificially inflated (if at all) during the Class Period; (c) the amounts by which Select Medical securities were allegedly artificially inflated (if at all) during the Class Period; (d) the effect of various market forces influencing the trading prices of Select Medical securities at various times during the Class Period; (e) the extent to which external factors, such as general market and industry conditions, influenced the trading prices of Select Medical securities at various times during the Class Period; (f) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading prices of Select Medical securities at various times during the Class Period; (g) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading prices of Select Medical securities at various times during the Class Period; and (h) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws.  Defendants deny any fault, liability, or wrongdoing, deny that they are liable to Plaintiffs or the Class and deny that Plaintiffs or the Class have suffered any damages.

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award them an amount for both attorneys' fees and litigation expenses incurred in connection with the prosecution of this Action, limited to a total of forty percent (40%) of  the Gross Settlement Fund.  The expenses incurred by Plaintiffs' Counsel are estimated at approximately $550,000 or about 11% of the Gross Settlement Fund. The remaining amount of the requested award would provide Plaintiffs' Counsel with attorneys' fees of approximately $1,450,000 or about 29% of the Gross Settlement Fund.  The requested attorneys' fees represent less than the amount Plaintiffs' Counsel's billable hourly fees, had the case not been pursued on a contingent-fee basis.  The requested fees and expenses would amount to an average of 3.3¢ per allegedly damaged share in total for fees and expenses.  Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

Further Information

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Co-Lead Counsel:  William H. Narwold, Esq., Motley Rice LLC, One Corporate Center, 20 Church Street, 17th Floor, Hartford, Connecticut  06103, Telephone (860) 882-1681; or Sanford P. Dumain, Esq., Milberg LLP, One Pennsylvania Plaza, New York, New York 10119-0165, Telephone (212) 594-5300.

Reasons for the Settlement

For Plaintiffs, the principal reason for the settlement is the benefit to be provided to the Class now.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For Defendants, who deny all allegations of fault, liability, or wrongdoing whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

**[END OF COVER PAGE]**

---

| **WHAT THIS NOTICE CONTAINS** |
| :---: |

### Table of Contents

**Page**

SUMMARY NOTICE .................................................................................................................2

    Statement of Plaintiff Recovery.................................................................................2

    Statement of Potential Outcome of Case .................................................................3

    Statement of Attorneys' Fees and Costs Sought.......................................................3

    Further Information....................................................................................................3

    Reasons for the Settlement........................................................................................4

BASIC INFORMATION ...........................................................................................................7

    1.    Why did I get this notice package?...................................................7

    2.    What is this lawsuit about?.................................................................7

    3.    Why is this a class action? ...............................................................9

    4.    Why is there a settlement? ...............................................................9

WHO IS IN THE SETTLEMENT...........................................................................................11

    5.    How do I know if I am part of the settlement? ..........................11

    6.    Are there exceptions to being included?....................................11

    7.    What if I am still not sure if I am included? .............................11

THE SETTLEMENT BENEFITS — WHAT YOU GET ...........................................................12

    8.    What does the settlement provide? ............................................................12

    9.    How much will my payment be? ...............................................................12

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM..................12

    10.    How can I get a payment?..........................................................................12

    11.    When would I get my payment? .................................................................12

    12.    What am I giving up to get a payment or stay in the Class?......................13

EXCLUDING YOURSELF FROM THE SETTLEMENT.....................................................13

    13.    How do I get out of the proposed settlement? ...........................................14

    14.    If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? ..................................................14

    15.    If I exclude myself, can I get money from the proposed settlement?........14

THE LAWYERS REPRESENTING YOU .........................................................................14

    16.    Do I have a lawyer in this case?................................................................14

    17.    How will the lawyers be paid?...................................................................15

OBJECTING TO THE SETTLEMENT ...........................................................................15

    18.    How do I tell the Court that I do not like the proposed settlement? ..........15

    19.    What is the difference between objecting and excluding?.........................16

THE COURT'S SETTLEMENT FAIRNESS HEARING ....................................................16

    20.    When and where will the Court decide whether to approve the proposed settlement?................................................................................16

    21.    Do I have to come to the hearing? .............................................................17

    22.    May I speak at the hearing? .......................................................................17

IF YOU DO NOTHING ................................................................................................18

    23.    What happens if I do nothing at all? ..........................................................18

GETTING MORE INFORMATION.................................................................................18

24.    Are there more details about the proposed settlement? .............................18

25.    How do I get more information?.................................................................18

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
      MEMBERS .........................................................................................................18

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES .......................22

# BASIC INFORMATION

| 1.    Why did I get this notice package? |
|---|

You or someone in your family may have purchased Select Medical securities between July 29, 2003 and May 11, 2004, inclusive (the "Class Period"), and may have been damaged thereby.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *Marsden v. Select Medical Corp., et al.*, Civil Action No. 04-cv-4020. This case was assigned to United States District Judge J. Curtis Joyner. The people who sued are called Plaintiffs, and the company and the persons they sued are called Defendants.

The Defendants are Select Medical Corporation ("Select Medical") and certain of its executive officers and directors during the Class Period: Martin Jackson (Select Medical's Chief Financial Officer throughout the Class Period), Robert A. Ortenzio (a co-founder of Select Medical and its Chief Executive Officer, President, and a director throughout the Class Period), Rocco Ortenzio (a co-founder of Select Medical and Chairman of its Board of Directors throughout the Class Period), and Patricia Rice (Select Medical's Chief Operating Officer throughout the Class Period).

| 2.    What is this lawsuit about? |
|---|

Select Medical is a Delaware corporation and its principal executive offices are located in Mechanicsburg, Pennsylvania. As of December 2003, it operated specialty and outpatient rehabilitation facilities in the United States and Canada. At that time, Select Medical operated approximately 79 long-term acute-care hospitals and four outpatient rehabilitation clinics certified under the federal Medicare program.

On July 28, 2003, after the close of trading, Defendants issued a press release over the PRNewswire in which they announced the company's "strong" performance and financial results for the second quarter ended June 30, 2003. Plaintiffs contend that this was materially false and misleading and omitted risks known to Select Medical. Plaintiffs further contend that as a result of materially false and misleading statements and omissions, Select Medical securities traded at artificially inflated prices from July 29, 2003 until May 11, 2004, when Select Medical issued a

press release announcing that the Centers for Medicare and Medicaid Services ("CMS") had issued a proposed regulatory change, which, if adopted, would have reduced the amount that Medicare would reimburse a long-term acute-care hospital that operates as a "hospital-within-a-hospital" if the hospital-within-a-hospital received more than 25% of its Medicare patients from its host hospital. In that same press release, Select Medical stated that "most of" the company's long-term acute-care hospitals currently "could not meet the proposed requirement and therefore would be subject to lower levels of reimbursement" and that the company believed that if adopted, the proposed rule would have a material adverse effect on the company's results of operations.

On August 24, 2004, this securities fraud class action was filed against Select Medical and Individual Defendants Martin Jackson, Robert A. Ortenzio, Rocco Ortenzio, and Patricia Rice on behalf of all allegedly injured investors who purchased Select Medical securities between July 29, 2003 and May 11, 2004, inclusive. The action alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

Capital Invest, die Kapitalanlagegesellschaft der Bank Austria Creditanstalt Gruppe GmbH (now known as Pioneer Investments Austria) for account of its funds C 43 and GF 5, James Shaver, and Frank C. Bagatta were designated Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") by Order of the Court on February 16, 2005.

By Order of the Court dated February 16, 2005, Milberg Weiss Bershad & Schulman LLP (now known as Milberg LLP) was appointed as Lead Counsel for the Class and Kenney Lennon & Egan PC (now known as Kenney, Egan, McCafferty, & Young PC) as Liaison Counsel. On September 11, 2006, Lead Plaintiffs moved to add Motley Rice LLC as Co-Lead Counsel for the Class. The Court granted that motion on October 5, 2006.

On April 19, 2005, Lead Plaintiffs filed their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint alleges, among other things, that Select Medical and the Individual Defendants, who the Complaint alleges were controlling officers and/or directors of Select Medical, made materially false and misleading statements and omissions in Select Medical's public reports and documents disseminated to the investing public during the Class Period, thereby artificially inflating the price of the securities of Select Medical and damaging members of the Class.

In particular, the Complaint alleges that Defendants misled investors during the Class Period by emphasizing Select Medical's strong growth and financial and operational performance even though they allegedly knew or recklessly disregarded that the Centers for Medicare and Medicaid Services ("CMS") was going to propose a change to Medicare reimbursement regulations that would negatively impact the company's financial success and ability to continue to grow as planned. Plaintiffs also claimed that Select Medical had engaged in improper revenue generating practices that masked otherwise declining revenues and a deteriorating financial condition. More specifically, the Complaint alleged that Defendants had used a "hospital-within-hospital" ("HIH") model to "improperly influence 'host hospitals'" to refer patients to Select Medical's hospitals, which the Complaint contended "resulted in substantial increases in the company's Medicare reimbursements and strong growth and financial and operational

performance reported to Select Medical's public shareholders." Plaintiffs alleged further that Defendants made materially misleading statements and omitted material information regarding the regulatory change proposed by CMS on May 11, 2004 that would seriously curtail that practice, the means by which revenue was being generated, and the adequacy of internal accounting controls.

The lawsuit seeks money damages against Defendants for alleged violations of the federal securities laws. Defendants deny all allegations of misconduct contained in the Complaint, and deny having engaged in any wrongdoing whatsoever.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called class representatives (in this case, the Class Representatives are Lead Plaintiffs Capital Invest, die Kapitalanlagegesellschaft der Bank Austria Creditanstalt Gruppe GmbH (now known as Pioneer Investments Austria) for account of its funds C 43 and GF 5, James Shaver, and Frank C. Bagatta), sue on behalf of people who have similar claims. All these people are a class or class members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
|---|---|

On June 13, 2005, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike various allegations of the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. By Memorandum and Order dated April 6, 2006, the Court granted in part and denied in part Defendants' motion to dismiss, and denied the Defendants' motion to strike. The Court granted the portion of Defendants' motion to dismiss concerning the claims that were based on the adequacy of internal controls for failure to state a claim under Section 10(b) of the Exchange Act, dismissing those claims from this litigation.

On May 19, 2006, Defendants answered the Complaint. The Defendants denied Plaintiffs' claims and asserted several defenses. In doing so, Defendants assert that they are not liable to Plaintiffs and have done nothing wrong or improper.

On September 20, 2006, Defendants filed a motion seeking a certificate of appealability under 28 U.S.C. § 1292(b) of the Court's April 6, 2006 Memorandum and Order denying in part and granting in part Defendants' motion to dismiss. Plaintiffs filed their opposition papers on October 27, 2006. Defendants replied on November 17, 2006. By Memorandum and Order dated February 12, 2007, the Court vacated in part its April 6, 2006 decision and granted Defendants' motion to dismiss Plaintiffs' securities fraud claims premised on alleged improper revenue practices for failure to allege the necessary loss causation under Section 10(b) of the Exchange Act, dismissing those claims from this litigation. Only Plaintiffs' claim for securities

fraud based on alleged misrepresentations and omissions related to the regulatory change proposed by CMS on May 11, 2004 remains.

On December 8, 2006, Lead Plaintiffs moved the Court for an order certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Select Medical and the Individual Defendants opposed the motion on April 3, 2007. Plaintiffs replied on July 9, 2007. By Memorandum and Order dated October 25, 2007, the Court granted Plaintiffs' motion for class certification. The Court's Order also certified Lead Plaintiffs Pioneer Investments Austria, James Shaver, and Frank C. Bagatta as Class Representatives and appointed Co-Lead Counsel and Liaison Counsel as class counsel.

On February 21, 2007, Plaintiffs moved for reconsideration and clarification of the Court's February 12, 2007 Memorandum and Order dismissing Plaintiffs' securities fraud claims premised on alleged improper revenue practices for failure to allege the necessary loss causation. Defendants responded on March 7, 2007. Plaintiffs replied on March 21, 2007. By Memorandum and Order dated June 12, 2007, the Court denied Plaintiffs' motion for reconsideration and clarification of the February 12, 2007 Memorandum and Order.

On November 9, 2007, Defendants petitioned the United States Court of Appeals for the Third Circuit (the "Third Circuit Court of Appeals") pursuant to Rule 23(f) of the Federal Rules of Civil Procedure for leave to appeal the Court's October 25, 2007 order certifying the Class. On November 21, 2007, Plaintiffs filed a Response in Opposition to Defendants' Petition for Leave to Appeal Pursuant to Rule 23(f) of the Federal Rules of Civil Procedure from Order Granting Class Certification and on November 30, 2007 Defendants filed a Reply in Support of Leave to Appeal Pursuant to Rule 23(f) of the Federal Rules of Civil Procedure from Order dated October 25, 2007. On March 6, 2008, the Third Circuit Court of Appeals denied Defendants' petition for leave to appeal.

Pretrial fact discovery closed on February 15, 2008. During pretrial fact discovery, the parties conducted depositions and collected and reviewed documents from the parties and third parties. Defendants deposed the Lead Plaintiffs and initial plaintiffs Marsden and Xu, as well as certain former Select Medical employees identified in Plaintiffs' initial disclosures. Plaintiffs deposed the Individual Defendants, as well as numerous current and former Select Medical employees and third party witnesses. The parties exchanged expert reports as part of pretrial expert discovery. Plaintiffs provided an expert report on the Medicare regulatory process and a separate expert report on damages. Defendants provided an expert report on damages.

Defendants filed a motion for summary judgment with accompanying memorandum of law and appendix of exhibits on March 28, 2008. Plaintiffs filed their memorandum of law in opposition to Defendants' motion for summary judgment, together with an appendix of exhibits, on May 28, 2008. Defendants filed a reply memorandum of law and appendix of additional exhibits on June 26, 2008

Having completed discovery and engaged in extensive motion practice concerning the viability of Plaintiffs' claims and the class certification issue, the parties participated in a mediation conference on July 3, 2008; and, at that conference, the parties agreed to the settlement described herein.

The Court did not finally decide in favor of Plaintiffs or Defendants.  Instead, both sides, with the assistance of Michael Young of JAMS acting as a mediator, agreed to a settlement.  That way, they avoid the risks and cost of a trial, and the Class Members will receive compensation.  The Class Representatives and their attorneys think the settlement is best for the Class.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine whether you are a Class Member.

| |
|---|
| 5.     How do I know if I am part of the settlement? |

The Court decided that everyone who fits this description is a Class Member:  *all persons who purchased the securities of Select Medical Corp. between July 29, 2003 and May 11, 2004, inclusive, and who were damaged thereby.*

| |
|---|
| 6.     Are there exceptions to being included? |

Excluded from the Class are the Defendants, the officers and directors of Select Medical Corporation at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

If one of your mutual funds purchased Select Medical securities during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased Select Medical securities during the Class Period.  Check your investment records or contact your broker to see if you purchased Select Medical securities during the Class Period.

If you **sold** Select Medical securities during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you **purchased** Select Medical securities during the Class Period.

| |
|---|
| 7.     What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help.  You can call 1-877-581-3299 or visit ***www.gilardi.com/SelectMedical*** for more information.  Or you can fill out and return the Proof of Claim form described on page [____], in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the settlement provide? |
|----|-----------------------------------|

In exchange for the Settlement and dismissal of the Action, Defendants agreed to create a $5 million (Five Million U.S. Dollars) fund to be divided, after fees and expenses, among all Class Members who send in valid Proof of Claim forms.

| 9. | How much will my payment be? |
|----|------------------------------|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, the type and amounts of Select Medical securities you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for the entire value of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. *See* the Plan of Allocation beginning on page [____] for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

| 10. | How can I get a payment? |
|-----|--------------------------|

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at ***www.gilardi.com/SelectMedical***. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2009**.

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a hearing on _____, **2009**, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or stay in the Class? |
|-----|------------------------------------------------------------|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase of Select Medical securities during the Class Period. "Settled Claims" does not mean or include claims, if any, against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), if such claims are not common to all Class Members.

"Released Parties" means any and all of the Defendants, the past or present subsidiaries, parents, successors, predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants of any of the Defendants or any of their subsidiaries, any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, executors, trustees, successors in interest or assigns of any of the Defendants.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement class. Select Medical may withdraw from and terminate the Settlement if putative Class Members who purchased in excess of a certain amount of Select Medical securities exclude themselves from the Class.

| 13. | How do I get out of the proposed settlement? |
|---|---|

To exclude yourself from the Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *Marsden v. Select Medical Corp., et al.*, Civil Action No. 04-cv-4020." Your letter should also state the date(s), price(s), and the type(s) and amount(s) of all your purchases and sales of Select Medical securities during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, **2009** to:

Select Medical Corporation Securities Litigation EXCLUSIONS
c/o Gilardi & Co. LLC, Claims Administrator
Post Office Box 990
Corte Madera, CA 94976-0990

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Parties in the future.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2009**.

| 15. | If I exclude myself, can I get money from the proposed settlement? |
|---|---|

No. If you exclude yourself, do not send in a Proof of Claim form to ask for any money. But you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Parties concerning the Settled Claims.

**THE LAWYERS REPRESENTING THE CLASS**

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Motley Rice LLC in Hartford, CT and Mt. Pleasant, SC and the law firm of Milberg Weiss Bershad Hynes & Lerach LLP, now known as Milberg LLP, in New York, NY will represent the Class. These lawyers are called Plaintiffs' Co-Lead

14

Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Co-Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| 17. | How will the lawyers be paid? |

Plaintiffs' Counsel are moving the Court to award them an amount for both attorneys' fees and litigation expenses incurred in connection with the prosecution of this Action, limited to a total of forty percent (40%) of the Gross Settlement Fund. The expenses incurred by Plaintiffs' Counsel are estimated at approximately $550,000 or about 11% of the Gross Settlement Fund. The remaining amount of the requested award would provide Plaintiffs' Counsel with attorneys' fees of approximately $1,450,000 or about 29% of the Gross Settlement Fund. The requested attorneys' fees represent less than the amount Plaintiffs' Counsel's billable hourly fees, had the case not been pursued on a contingent-fee basis.

The motion for attorneys' fees is submitted on behalf of Plaintiffs' Co-Lead Counsel and Kenney, Egan, McCafferty & Young, 3031C Walton Road, Suite 202, Plymouth Meeting, Pennsylvania 19462 and Sturman LLC, 112 Madison Ave, 7th Floor, New York, New York 10016-7416..

Plaintiffs' Co-Lead Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the settlement and distributing the settlement proceeds to the members of the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| | |
|---|---|
| 18. | How do I tell the Court that I do not like the proposed settlement? |

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Co-Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures. The Court may approve this settlement even if you object.

To object, you must send a signed letter stating that you object to the proposed settlement in *Marsden v. Select Medical Corp., et al.*, Civil Action No. 04-cv-4020. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and the

type(s) and amount(s) of all purchases and sales of Select Medical securities you made during the Class Period, and state the reasons why you object to the Settlement. Your objection must be filed with the Court and served on all the following counsel on or before _____, **2009**:

| COURT | PLAINTIFFS' CO-LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>for the Eastern District of<br>Pennsylvania<br>James A. Byrne United<br>States Courthouse<br>601 Market Street<br>Philadelphia, PA 19106-1797 | Sanford P. Dumain, Esq.<br>Milberg LLP<br>One Pennsylvania Plaza<br>New York, NY 10119-0165<br><br>William H. Narwold<br>Motley Rice LLC<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT 06103 | Michael L. Kichline, Esq.<br>Dechert LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104-2808 |

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 18 and question 22 below for filing with the Court and providing to the counsel for Plaintiffs and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Fairness Hearing.



| 19. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| 20. | When and where will the Court decide whether to approve the proposed settlement? |
|---|---|

The Court will hold a Settlement Fairness Hearing at \_\_\_:\_\_\_ \_\_**.m.** on \_\_\_\_**day,** _____, **2009**, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106-1797. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 18. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 22 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Plaintiffs' Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary for your lawyer to attend. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 18 above) a statement stating that it is your "Notice of Intention to Appear in *Marsden v. Select Medical Corp., et al.*, Civil Action No. 04-cv-4020." Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and who desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention

to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 18 and 20 above.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Settled Claims in this case, ever again.  To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10).  To start, continue or be a part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims in this case you must exclude yourself from this Class (see question 13).

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed settlement? |
|---|---|

This notice summarizes the proposed settlement.  More details are in a Stipulation and Agreement of Settlement dated November 5, 2008 (the "Stipulation").  You can get a copy of the Stipulation by writing to Sanford P. Dumain, Esq., Milberg LLP, One Pennsylvania Plaza, New York, NY  10119-0165, or by visiting ***www.gilardi.com/SelectMedical***.

You also can call the Claims Administrator at 1-877-581-3299 toll free; write to Select Medical Corporation Securities Litigation, c/o Gilardi & Co. LLC, Claims Administrator, Post Office Box 990, Corte Madera, CA  94976-0990; or visit the website at ***www.gilardi.com/SelectMedical***, where you will find answers to common questions about the settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| 25. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, you may refer to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA  19106-1797, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $5,000,000 (Five Million U.S. Dollars) Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the proposition alleged in the Complaint, namely that the prices of Select Medical securities were artificially inflated during the Class Period -- July 29, 2003 through May 11, 2004 -- by reason of the allegedly false and misleading statements made by Defendants or omitted from the Defendants' statements.

The Complaint alleges that during the Class Period -- July 29, 2003 through May 11, 2004 -- Defendants had represented Select Medical to have a good business model with excellent prospects for growth.  On May 11, 2004, the Centers for Medicare and Medicaid Services ("CMS"), the agency responsible for administering Medicare, issued a press release summarizing a proposed rule ("Proposed Rule") that, if adopted, would reduce the Medicare reimbursement paid to a hospital-within-a-hospital ("HIH") for Medicare patients referred to the HIH from its host hospital, who exceeded 25% of the HIH's total population of Medicare patients.  Select Medical was one of the largest operators of long-term acute care hospitals ("LTCHs") in the United States and the majority of Select Medical's LTCHs were HIHs.  Because few of Select Medical's HIHs complied with the Proposed Rule, if adopted, the Proposed Rule would have negatively impacted Select Medical's business model.  After the Proposed Rule was announced, Select Medical's common stock price fell.

Common Stock:  Plaintiffs' damages expert opined that Select Medical's common stock was heavily traded in a developed and efficient market during the Class Period, and that the market price of its common stock was artificially inflated by reason of the alleged false and misleading statements and omissions by approximately 23% during the Class Period.  Class Members who purchased the common stock during the Class Period, and still held those shares as of the close of trading on May 10, 2004, could potentially claim damages as the lower of 23% of their purchase price, or the difference between their purchase price paid, and (i) if they sold the shares in the 90 days from May 11, 2004 through August 11, 2004, the sales price they received, or (ii) if they continued to own the shares at the close of trading on August 11, 2004, $13.39 per share.

Credit Notes:  During the Class Period, Select Medical had issued and outstanding 7.5% Notes due August 2013 ("7.5% Notes") and 9.5% Notes due June 2009 ("9.5% Notes") but these debt instruments were thinly-traded at best and were indirectly affected by Select Medical's fluctuating prospects.  Plaintiffs' damages expert did not find that the 7.5% Notes or 9.5% Notes

19

were traded in a developed and efficient market during the Class Period. Accordingly, it would be difficult to prove that the price of these notes was artificially inflated as a result of the Defendants' allegedly false and misleading statements or omissions. The 9.5% Notes traded somewhat more heavily than the 7.5% Notes but the price of the 9.5% Notes remained virtually unchanged in the 90 day period after the end of the Class Period as compared to their prices prior to the end of the Class period, and Plaintiffs' damage expert did not find that any damages could be attributed to the purchasers of these 9.5% Notes. The 7.5% Notes were traded even less than the 9.5% Notes during the Class Period and, while they did trade at somewhat lower prices in the 90 day period following the Class Period, they were trading at virtually 100% of face value at the end of the 90 day period. Ultimately both the 7.5% Notes and the 9.5% Notes were re-purchased by the company in February 2005 in accordance with their contractual terms. The proposed Plan of Allocation for Class Members who purchased 7.5% Notes or 9.5% Notes during the Class Period, and who sold them in the 90 days from May 11, 2004 through August 11, 2004 for less than par value (100% of face value), provides for a Recognized Claim limited to 23% of the difference between par value (100% of face value) and the Sales Proceeds Received (excluding interest). No Recognized Claim is allowed with respect to Notes purchased during the Class Period that were not sold in the 90 days from May 11, 2004 through August 11, 2004 for less than par value (100% of face value).

For purposes of calculating claims, the following terms shall have the indicated meanings:

**"PPP"** means the purchase price paid for a security, and it includes the purchase price and any brokerage commissions or other charges incurred on the purchase.

**"SPR"** means the sales proceeds received and it is the net amount received for the security sold after deduction of brokerage commissions and other sales charges incurred on the sale.

**"Recognized Claims"** will be calculated for purposes of the Settlement as follows:

## PURCHASES OF SELECT MEDICAL COMMON STOCK (CUSIP: 816196109):

For shares of Select Medical common stock purchased during the Class Period, "Recognized Claims" will be calculated for purposes of the Settlement as follows:

      (1)    If the shares purchased during the Class Period were sold on or before the close of trading on May 10, 2004, then an Authorized Claimant's "Recognized Claim" on such shares shall be zero ($0.00).

      (2)    If the shares purchased during the Class Period were sold at a loss[2] during the period May 11, 2004 through and including the close of trading on August 11, 2004, then an Authorized Claimant's "Recognized Claim" from such shares shall mean *the least of:  (a)* 23% of the **PPP**; *or (b)* the **PPP** minus the **SPR**; *or (c)* the **PPP** less $13.39 per share.

---

[2]    The Recognized Claim for shares purchased during the Class Period and sold for a gain (or no loss) shall be zero ($0.00).

(3)    If the shares purchased during the Class Period were still held as of the close of trading on August 11, 2004, then an Authorized Claimant's "Recognized Claim" from such shares shall mean *the lesser of: (a)* 23% of the **PPP**; *or (b)* the **PPP** less $13.39 per share.

**PURCHASES OF SELECT MEDICAL 7.5% NOTES (CUSIP: 816196af6), or 9.5% NOTES (CUSIP:  816196ac3):**

For Select Medical Notes purchased during the Class Period, "Recognized Claims" will be calculated for purposes of the Settlement as follows:

(1)    If the Notes purchased during the Class Period were sold at a loss on or before the close of trading on May 10, 2004, then an Authorized Claimant's "Recognized Claim" from such Notes shall be zero ($0.00).

(2)    If the Notes purchased during the Class Period were sold for less than Face Value, and at a loss, during the period May 11, 2004 through the close of trading on August 11, 2004, inclusive, then an Authorized Claimant's "Recognized Claim" shall mean 23% of the difference between the Face Value of the Notes minus the **SPR** (excluding any accrued interest received on the sale).

(3)    If the Notes purchased during the Class Period were sill held at the close of trading on August 11, 2004, then an Authorized Claimant's "Recognized Claim" from such Notes shall be zero ($0.00).

In the event a Class Member has more than one purchase or sale of Select Medical common stock and/or Notes, all purchases and sales shall be matched on a First In First Out ("FIFO") basis, Class Period sales will be matched first against any Select Medical shares and/or Notes held at the beginning of the Class Period and then against purchases in chronological order.  A purchase or sale of Select Medical common stock and Notes shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, devise or operation of law of Select Medical common stock and/or Notes during the Class Period shall not be deemed a purchase or sale of Select Medical common stock and/or Notes for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such Select Medical common stock and/or Notes unless specifically provided in the instrument of gift or assignment.

To the extent a Claimant had a gain from his, her or its overall transactions in Select Medical common stock and Notes during the Class Period and in the following 90 day period, the value of the Recognized Claim will be zero.  To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Select Medical common stock and Notes during the Class Period and in the following 90 day period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Select Medical common stock and Notes during the Class Period and in the following 90 day period, or suffered a loss, the Claims Administrator shall:  (i) total the amount paid for all Select Medical common stock and Notes purchased during the Class Period by the Claimant (the "Total Purchase Amount"); (ii) match any sales of Select Medical common stock

and Notes during the Class Period and in the following 90 day period, first against the Claimant's opening positions in the stock and Notes (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining Select Medical common stock and Notes sold during the Class Period and in the following 90 day period (the "Sales Proceeds"); and (iv) ascribe a $13.39 per common share, and the full Face Value for all 7.5% Notes or 9.5% Notes holding value for the Select Medical common stock and Notes purchased during the Class Period and still held at the close of trading on August 11, 2004 (the "Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in Select Medical common stock and Notes common stock during the Class Period.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. The minimum distribution amount to an Authorized Claimant with a valid Recognized Claim shall be $10.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not submit acceptable Proofs of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Select Medical Corp. common stock (NYSE ticker: SEM; CUSIP: 816196109)[3], 7.5% Notes due August 2013 (CUSIP: 816196AF6), or 9.5% Notes due June 2009 (CUSIP: 816196AC3) between July 29, 2003 and May 11, 2004, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom

---

[3] During the Class Period, on December 5, 2003, Select conducted a 2-for-1 stock split of its common stock. Select Medical ceased to be a publicly-traded company on February 24, 2005 when it became a privately held company.

or which you purchased those Select Medical shares or notes during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of those Select Medical shares or notes.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

Select Medical Corporation Securities Litigation
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box 990
Corte Madera, CA  94976-0990
(877) 581-3299

Dated:         Philadelphia, Pennsylvania
                    _____, 2008

                                     By Order of the Court
                                   CLERK OF THE COURT

EXHIBIT 2 TO EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLIFFORD C. MARSDEN and MING XU,<br>Individually And On Behalf Of All Others<br>Similarly Situated, | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    CIVIL ACTION NO.<br>:    2:04-cv-4020 (JCJ) |
| SELECT MEDICAL CORP., MARTIN<br>JACKSON, ROBERT A. ORTENZIO, ROCCO<br>ORTENZIO, AND PATRICIA RICE, | : <br> : <br> : <br> : |
| Defendants. | : <br> : <br> : <br> : |

**PROOF OF CLAIM AND RELEASE**

DEADLINE FOR SUBMISSION: _____, **2009**.

IF YOU PURCHASED THE SECURITIES OF SELECT MEDICAL CORPORATION BETWEEN JULY 29, 2003 AND MAY 11, 2004, INCLUSIVE ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Class are the Defendants, the officers and directors of Select Medical Corporation at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, **2009** TO THE FOLLOWING ADDRESS:

Select Medical Corporation Securities Litigation
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box 990
Corte Madera, CA  94976-0990

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, **2009** WILL
SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING
ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS
LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR
TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL
BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY
TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1.      I affirm that I purchased Select Medical common stock, 7.5% Notes due August

2013, or 9.5% Notes due June 2009 between July 29, 2003 and May 11, 2004, inclusive.  (Do not

submit this Proof of Claim if you did not purchase Select Medical common stock, 7.5% Notes

due August 2013, or 9.5% Notes due June 2009 during this period).

2.      By submitting this Proof of Claim, I state that I believe in good faith that I may be

a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed

Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am

acting for such person; that I am not a Defendant in the litigation that is the subject matter of this

settlement or anyone excluded from the Class; that I have read and understand the Notice; that I

believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate

in the proposed Settlement described in the Notice; and that I have not filed a request for

exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (e.g., as

an executor, administrator, trustee, or other representative), you must submit evidence of your

current authority to act on behalf of that Class Member.  Such evidence would include, for

example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.      I consent to the jurisdiction of the Court with respect to all questions concerning

the validity of this Proof of Claim.  I understand and agree that my claim may be subject to

investigation and discovery under the Federal Rules of Civil Procedure, provided that such

investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.    I have set forth where requested below all relevant information with respect to each purchase of Select Medical common stock, 7.5% Notes due August 2013, and 9.5% Notes due June 2009 during the Class Period, and each sale, if any, of such stock and notes. I agree to furnish additional information (including transactions in other Select Medical securities) to the Claims Administrator to support this claim if requested to do so.

5.    I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Select Medical common stock, 7.5% Notes due August 2013, and 9.5% Notes due June 2009 listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.    I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of

the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.      Upon the occurrence of the Effective Date, by operation of law, I on behalf of myself and on behalf of my past or present subsidiaries, parents, successors, predecessors, officers, partners, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representatives, heirs, executors, trustees, administrators, and assigns (but only in those persons' and entities' capacities as such to me, not by those persons and entities as themselves independent of their relationship to me), shall fully and completely release, remise and discharge each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-581-3599 or visit their website at *www.gilardi.com/SelectMedical* to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.      Statement of Claim

CLAIMANT IDENTIFICATION

_____ / _____
Beneficial Owner's Name (First, Middle, Last)    / Joint Owner's Name

_____
Street Address

_____        _____
City                          State           Zip Code

_____        _____
Foreign Province              Foreign Country

_____        _____ (Daytime)
Area Code                     Telephone Number

_____        _____ (Evening)
Area Code                     Telephone Number

Check appropriate box (check only one box):

☐  Individual/Sole Proprietor    ☐  Joint Owners      ☐  Pension Plan
☐  Corporation                   ☐  Partnership       ☐  Trust
☐  IRA                           ☐  Other (describe:_____)

NOTE: Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (for example, a Corporation with multiple brokerage accounts should include all transactions made in Select Medical securities during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.)

_____    or    _____
Social Security Number          Taxpayer Identification Number

_____
Record Owner's Name (if different from beneficial owner listed above)

**FOR SELECT MEDICAL COMMON STOCK (CUSIP: 816196109):**

10.      At the close of business on July 28, 2003, I owned _____ shares of Select Medical common stock.  (If none, write "zero" or "0."  If other than zero, must be documented.)

11.      I made the following purchases of Select Medical common stock between July 29, 2003 and May 11, 2004, inclusive.  (Persons who received Select Medical common stock during the Class Period other than by purchase are not eligible to submit claims for those transactions) (All purchases must be documented.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| \_\_\_/\_\_\_/\_\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_\_/\_\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_\_/\_\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_\_/\_\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_\_/\_\_\_\_\_ | _____ | $_____ | $_____ |

12.      Between May 12, 2004 and August 11, 2004, inclusive, I purchased a total of _____ shares of Select Medical common stock (If none, write "zero" or "0."  If other than zero, must be documented.).

13.      I made the following sales of Select Medical common stock between July 29, 2003 and August 11, 2004, inclusive (If none, write "zero" or "0."  If other than zero, must be documented.):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| \_\_\_/\_\_\_/\_\_\_\_\_ | _____ | $_____ | $_____ |

___/___/_____     _____     $_____     $_____
___/___/_____     _____     $_____     $_____
___/___/_____     _____     $_____     $_____
___/___/_____     _____     $_____     $_____

14.    At the close of business on August 11, 2004, I owned _____ shares of Select Medical common stock.  (If none, write "zero" or "0."  If other than zero, must be documented.)

**FOR SELECT MEDICAL 7.5% NOTES DUE AUGUST 2013 (CUSIP:  816196AF6):**

15.    I made the following purchases of Select Medical 7.5% Notes due August 2013 between July 29, 2003 and May 11, 2004, inclusive.  (Persons who received Select Medical 7.5% Notes due August 2013 during the Class Period other than by purchase are not eligible to submit claims for those transactions) (All purchases must be documented.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Face Amount of Select Medical 7.5% Notes due August 2013 Purchased | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |

16.    Between May 12, 2004 and August 11, 2004, inclusive, I purchased a total of $_____ in face amount of Select Medical 7.5% Notes due August 2013 (If none, write "zero" or "0."  If other than zero, must be documented.).

17.    I made the following sales of Select Medical 7.5% Notes due August 2013 between July 29, 2003 and August 11, 2004, inclusive (If none, write "zero" or "0."  If other than zero, must be documented.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Face Amount of Select Medical 7.5% Notes due August 2013 Sold | Aggregate Cost (net of commissions, taxes, and fees) |
|---|---|---|
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |

18.     At the close of business on August 11, 2004, I owned $_____ in face amount of Select Medical 7.5% Notes due August 2013.  (If none, write "zero" or "0."  If other than zero, must be documented.)

**FOR SELECT MEDICAL 9.5% NOTES DUE JUNE 2009 (CUSIP:  816196AC3):**

19.     At the close of business on July 28, 2003, I owned $_____ in face amount of Select Medical 9.5% Notes due June 2009.  (If none, write "zero" or "0."  If other than zero, must be documented.)

20.     I made the following purchases of Select Medical 9.5% Notes due June 2009 between July 29, 2003 and May 11, 2004, inclusive.  (Persons who received Select Medical 9.5% Notes due June 2009 during the Class Period other than by purchase are not eligible to submit claims for those transactions) (All purchases must be documented.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Face Amount of Select Medical 9.5% Notes due June 2009 Purchased | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |

21.     Between May 12, 2004 and August 11, 2004, inclusive, I purchased a total of

$_____ in face amount of Select Medical 9.5% Notes due June 2009 (If none, write "zero"

or "0." If other than zero, must be documented.).

22.     I made the following sales of Select Medical 9.5% Notes due June 2009 between

July 29, 2003 and August 11, 2004, inclusive (If none, write "zero" or "0." If other than zero,

must be documented.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Face Amount of Select Medical 9.5% Notes due June 2009 Sold | Aggregate Cost (net of commissions, taxes, and fees) |
|---|---|---|
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |
| ___/___/_____ | $_____ | $_____ |

23.     At the close of business on August 11, 2004, I owned $_____ in face

amount of Select Medical 9.5% Notes due June 2009.  (If none, write "zero" or "0."  If other

than zero, must be documented.)

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

24.     Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most

individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.")

requires such taxpayer identification number.  If you fail to provide this information, your claim

may be rejected.

Social Security Number (for individuals) or

Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

25.    Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions

of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from

backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject

to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S.

has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:        If you have been notified by the I.R.S. that you are subject to backup

withholding, please strike out the language that you are not subject to backup withholding in the

certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE

INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE,

CORRECT AND COMPLETE.

> Signature of Claimant (If this claim is being
> made on behalf of Joint Claimants, then
> each must sign)
>
> (Signature)
>
> (Signature)
>
> (Capacity of person(s) signing, e.g.
> beneficial purchaser(s), executor,
> administrator, trustee, etc.)

Date:

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____,

**2009**, AND MUST BE MAILED TO:

Select Medical Corporation Securities Litigation
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box 990
Corte Madera, CA 94976-0990

A Proof of Claim received by the Claims Administrator shall be deemed to have been

submitted when posted, if mailed by _____, **2009**, and if a postmark is indicated on

the envelope and it is mailed first class, and addressed in accordance with the above instructions.

In all other cases, a Proof of Claim shall be deemed to have been submitted when actually

received by the Claims Administrator.

If you wish to be assured that your Proof of Claim is actually received by the Claims

Administrator, then you should send it by Certified Mail, Return Receipt Requested.  No

acknowledgment will be made as to the receipt of claim forms.  You should be aware that it will

take a significant amount of time to process fully all of the Proofs of Claim and to administer the

Settlement.  This work will be completed as promptly as time permits, given the need to

investigate and tabulate each Proof of Claim.  Please notify the Claims Administrator of any

change of address.

**REMINDER CHECKLIST**

1.    ☐    Please be sure to sign this Proof of Claim on page [___].  If this
Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2.    ☐    Please remember to attach supporting documents.  Do NOT send
any stock certificates.  Keep copies of everything you submit.

3.    ☐    Do NOT use highlighter on the Proof of Claim or any supporting
documents.

11

4.     ☐     If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

EXHIBIT 3 TO EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD C. MARSDEN and MING XU, | : CIVIL ACTION NO. 2:04-cv-4020 (JCJ) |
| Plaintiffs, | : |
| v. | : |
| SELECT MEDICAL CORP., et al. | : |
| Defendants. | : |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING

TO:    ALL PERSONS WHO PURCHASED THE SECURITIES OF SELECT MEDICAL CORPORATION BETWEEN JULY 29, 2003 AND MAY 11, 2004, INCLUSIVE, AND WHO WERE DAMAGED THEREBY (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that a settlement for $5,000,000 (Five Million U.S. Dollars) in cash has been proposed in the above-captioned Action.  A hearing will be held before the Honorable J. Curtis Joyner in the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA  19106-1797, at ___:_____ __.m., on _____, 2009 to determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of Claim form, you may obtain copies of these documents by contacting the Claims Administrator:

Select Medical Corporation Securities Litigation
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box 990

Corte Madera, CA 94976-0990
(877) 581-3299
*www.gilardi.com/SelectMedical*

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to

Plaintiffs' Co-Lead Counsel:

William H. Narwold
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103
(860) 882-1681

Sanford P. Dumain
Milberg LLP
One Pennsylvania Plaza
New York, NY  10119-0165
(212) 594-5300

To participate in the Settlement, you must submit a Proof of Claim no later than

_____, 2009.  If you are a Class Member and do not exclude yourself from the

Class, you will be bound by the Order and Final Judgment of the Court.  To exclude yourself

from the Class, you must submit a request for exclusion postmarked no later than

_____, 2009.  Any objections to the Settlement must be filed by _____,

2009.  If you are a Class Member and do not submit a proper Proof of Claim, you will not share

in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the

Court.

Further information may be obtained by contacting the Claims Administrator.

By Order of The Court

EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLIFFORD C. MARSDEN and MING XU,　　　　　　:
Individually And On Behalf Of All Others　　　:
Similarly Situated,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiffs,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　　　　:　　2:04-cv-4020 (JCJ)
SELECT MEDICAL CORP., MARTIN　　　　　　　:
JACKSON, ROBERT A. ORTENZIO, ROCCO　　　　:
ORTENZIO, AND PATRICIA RICE,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

## ORDER AND FINAL JUDGMENT

On the _____ day of _____, 2009, a hearing having been held before this

Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of

Settlement dated November 5, 2008 (the "Stipulation") are fair, reasonable, and adequate for the

settlement of all claims asserted by the Class against the Defendants in the Complaint now

pending in this Court under the above caption, including the release of the Defendants and the

Released Parties, and should be approved; (2) whether judgment should be entered dismissing

the Complaint on the merits and with prejudice in favor of the Defendants and as against all

persons or entities who are members of the Class herein who have not requested exclusion

therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to

allocate the settlement proceeds among the members of the Class; (4) whether and in what

amount to award the Class Representatives reimbursement of expenses; and (5) whether and in

what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the securities of Select Medical Corporation ("Select Medical") between July 29, 2003 and May 11, 2004, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Select Medical's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Action, the Class Representatives, all Class Members, and the Defendants.

2.    The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the securities of Select Medical Corporation between July 29, 2003 and May 11, 2004, inclusive, and who were damaged thereby.  Excluded from the Class are the Defendants, the officers and directors of Select Medical Corporation at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  [Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto OR No timely and valid requests for exclusion from the Class were received.]

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Capital Invest, die Kapitalanlagegesellschaft der Bank Austria Creditanstalt Gruppe GmbH (now known as Pioneer Investments Austria) for account of its funds C 43 and GF 5, James Shaver, and Frank C. Bagatta as Class Representatives.

5.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6.      The Settlement is not an admission by the Defendants of, and this Order and Final Judgment is not a finding of, the validity of any claims in the Action or of any wrongdoing by the Defendants.  Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the Settlement, is or may be construed as or may be used as an admission by or against any of the Released Parties of any fault, wrongdoing or liability whatsoever, and neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein shall be offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, arbitration or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Order and Final Judgment or the Stipulation.  Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the Settlement, is or may be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

7.      The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Complaint is hereby dismissed with prejudice and without costs as against any party.

9.      The Class Representatives and members of the Class on behalf of themselves and on behalf of their past or present subsidiaries, parents, successors, predecessors, officers,

directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representatives, heirs, executors, trustees, administrators, and assigns (but only in those persons' and entities' capacities as such to the Class Member, not by those persons and entities as themselves independent of their relationship to a Class Member), shall hereby release and forever discharge each and every one of the Settled Claims, and shall hereby forever be enjoined from prosecuting the Settled Claims against any of the Released Parties.

10.    The Class Representatives and all Class Members who did not file timely and valid requests for exclusion, whether or not they file a Proof of Claim within the time provided for, and whether or not they receive any distributions from the Settlement Fund, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting the Settled Claims.

11.    Each of the Defendants, on behalf of themselves and the Released Parties, shall hereby release and forever discharge each and every one of the Settled Defendants' Claims, and shall hereby forever be enjoined from prosecuting the Settled Defendants' Claims against the Class Representatives, all Class Members and their counsel.

12.    To the maximum extent permitted by law, the Court hereby bars (a) any action or claim for contribution or indemnification arising out of the Action against any of the Defendants and (b) any action or claim for contribution or indemnification arising out of the Action by or on behalf of any of the Defendants.

13.    The Released Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to, the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation or payment of Class Members'

claims, the payment or withholding of any local, state or federal governmental charge, levy, or tax lawfully imposed thereon, or any losses incurred in connection therewith.

14.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15.     Upon review of the record, the Court finds that all parties and their counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to every complaint, responsive pleading, and dispositive motion herein.

16.     Plaintiffs' Counsel are hereby awarded _____% of the Gross Settlement Fund, first as and for reimbursement of their litigation expenses, and the excess as and for their attorneys' fees, which sum the Court finds to be fair and reasonable.  This award shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

17.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the settlement has created a fund of $5 million (Five Million U.S. Dollars) in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

6

(b)     Over _____ copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving the Court to award them an amount for both attorneys' fees and litigation expenses incurred in connection with the prosecution of this Action, limited to a total of forty percent (40%) of the Gross Settlement Fund.  [_____] objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class Representatives and the Class may have recovered less or nothing from the Defendants;

(f)     Plaintiffs' Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

18.     The Court reserves jurisdiction, without affecting the finality of this Judgment, over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and

7

Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

19.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated:         Philadelphia, Pennsylvania
               _____, 2009


                                   _____
                                   Honorable J. Curtis Joyner
                                   UNITED STATES DISTRICT JUDGE