UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD C. MARSDEN and MING XU, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SELECT MEDICAL CORP., MARTIN JACKSON, ROBERT A. ORTENZIO, ROCCO ORTENZIO, AND PATRICIA RICE,<br><br>Defendants. | CIVIL ACTION NO.<br>2:04-cv-4020 (JCJ) |

## ORDER AND FINAL JUDGMENT

On the 14th day of April, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 5, 2008 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; (4) whether and in what amount to award the Class Representatives reimbursement of expenses; and (5) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the securities of Select Medical Corporation ("Select Medical") between July 29, 2003 and May 11, 2004, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Select Medical's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the securities of Select Medical Corporation between July 29, 2003 and May 11, 2004, inclusive, and who were damaged thereby. Excluded from the Class are the Defendants, the officers and directors of Select Medical Corporation at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Capital Invest, die Kapitalanlagegesellschaft der Bank Austria Creditanstalt Gruppe GmbH (now known as Pioneer Investments Austria) for account of its funds C 43 and GF 5, James Shaver, and Frank C. Bagatta as Class Representatives

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is not an admission by the Defendants of, and this Order and Final Judgment is not a finding of, the validity of any claims in the Action or of any wrongdoing by

the Defendants. Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the Settlement, is or may be construed as or may be used as an admission by or against any of the Released Parties of any fault, wrongdoing or liability whatsoever, and neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein shall be offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, arbitration or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Order and Final Judgment or the Stipulation. Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the Settlement, is or may be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

7.  The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.  The Complaint is hereby dismissed with prejudice and without costs as against any party.

9.  The Class Representatives and members of the Class on behalf of themselves and on behalf of their past or present subsidiaries, parents, successors, predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representatives, heirs, executors, trustees, administrators, and assigns (but only

in those persons' and entities' capacities as such to the Class Member, not by those persons and entities as themselves independent of their relationship to a Class Member), shall hereby release and forever discharge each and every one of the Settled Claims, and shall hereby forever be enjoined from prosecuting the Settled Claims against any of the Released Parties.

10. The Class Representatives and all Class Members who did not file timely and valid requests for exclusion, whether or not they file a Proof of Claim within the time provided for, and whether or not they receive any distributions from the Settlement Fund, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting the Settled Claims.

11. Each of the Defendants, on behalf of themselves and the Released Parties, shall hereby release and forever discharge each and every one of the Settled Defendants' Claims, and shall hereby forever be enjoined from prosecuting the Settled Defendants' Claims against the Class Representatives, all Class Members and their counsel.

12. To the maximum extent permitted by law, the Court hereby bars (a) any action or claim for contribution or indemnification arising out of the Action against any of the Defendants and (b) any action or claim for contribution or indemnification arising out of the Action by or on behalf of any of the Defendants.

13. The Released Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to, the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation or payment of Class Members' claims, the payment or withholding of any local, state or federal governmental charge, levy, or tax lawfully imposed thereon, or any losses incurred in connection therewith.

14. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15. Upon review of the record, the Court finds that all parties and their counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to every complaint, responsive pleading, and dispositive motion herein.

16. Plaintiffs' Counsel are hereby awarded __29__ % of the Gross Settlement Fund, which sum the Court finds to be fair and reasonable, and $__466,435.90__ in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. This award shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

17. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $5 million (Five Million U.S. Dollars) in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

  (b) Over 43,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving the Court to award them an amount for both attorneys' fees and litigation expenses incurred in connection with the prosecution of this Action, limited to a total of forty percent (40%) of the Gross Settlement Fund. No objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

  (c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

  (d) The action involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

  (e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class Representatives and the Class may have recovered less or nothing from the Defendants;

  (f) Plaintiffs' Counsel have devoted over 14,700 hours, with a lodestar value of $6,458,652.75, to achieve the Settlement; and

  (g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

18. The Court reserves jurisdiction, without affecting the finality of this Judgment, over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and

Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

19. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: Philadelphia, Pennsylvania
April 15, 2009

_____
Honorable J. Curtis Joyner
UNITED STATES DISTRICT JUDGE